UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT DAVID GIESE,

        Plaintiff,               Case No. 1:14-cv-731

v.                                   Hon. Robert J. Jonker

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a an action brought by *pro se* plaintiff Kent David Giese (sometimes referred to as "Giese") against Ocwen Loan Servicing LLC ("Ocwen"). Compl. (docket no. 1). This matter is now before the Court on Ocwen's motion to dismiss (docket no. 11).

    **I.**    **Background**

Giese is the owner of a four acre parcel of real estate which is improved with an unifinished log cabin house. Compl. at ¶ 2. The Court previously summarized plaintiff's complaint as follows:

> Plaintiff, Kent Davie [sic] Giese, has sued Defendant, Ocwen Loan Servicing LLC, seeking equitable relief precluding Ocwen from foreclosing a mortgage on Giese's real property located at 20487 7 Mile Road, Reed City, Michigan 49014. Giese alleges that Ocwen has engaged in certain practices that are contrary to a Consent Judgment entered by the United States District Court for the District of Columbia in the litigation captioned *Consumer Financial Protection Bureau, et al. v. Ocwen Financial Corp., et al.*, No. 1:13-cv-2025, on February 26, 2014. Giese requests that the Court schedule the case for trial and order Ocwen to abide by the requirements of the Consent Judgment to work with Giese to explore equitable foreclosure alternatives. (Dkt. # 1 at Page ID # 4.)

Order denying plaintiffs motion for temporary restraining order (TRO) (docket no. 6 at p. ID# 18).[1]

Giese alleges that "Ocwen has violated in one way or another nearly every single prohibited and dirty mortgage practice noted in the Federal Consent Decree." Compl. at ¶ 2. Those violations include the following:

    a.    For Example, Mr. Giese is underwater with this mortgage. He is so far underwater that Ocwen demands a payment of approximately $170,000; despite that the property may only be worth about $50,000, is not finished so as to rent or live in, and is depreciating in a market that shows no signs of bouncing back from the mortgage bubble burst.

    b.    Another example is that Ocwen is not coordinating information between the customer service and Personal Representatives, and is providing conflicting accounts of matters. Mr. Giese has proof with conflicting correspondence and voice recordings.

    c.    Another example, Ocwen is not timely in responding to Mr. Giese and waits until the very last minute to correspond and then claims it can't read Mr. Giese's documents despite claiming otherwise earlier.

    d.    Another example is that Ocwen will only talk to Mr. Giese about 1 option: foreclosure unless Mr. Giese pays off Ocwen immediately $170,000.

    e.    Another example is that Ocwen says at one point in time that they will contact the co-borrower, ex-wife Rebecca Rose Giese, and yet at a different time admits they never have even tried to contact the ex-wife co-borrower.

*Id.*

The Court denied Giese's motion for a TRO on both procedural grounds and on the merits. With respect to the merits, the Court concluded that:

---

[1] A copy of the consent judgment in *Consumer Financial Protection Bureau* appears at docket no. 11-4 at pp. ID## 266-438.

>In addition, Giese has failed to sufficiently demonstrate a likelihood of success on the merits to warrant injunctive relief. *See Global Generation Grp., LLC v. Mazzola*, No. 2:13-CV-14979, 2014 WL 1772417, at *2 (E.D. Mich. May 2, 2014) ("The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction."). As noted, Giese's claim for equitable relief is based largely, if not exclusively, on the Consent Judgment. However, Giese is not a party to the Consent Judgment, and therefore appears to lack standing to enforce it against Ocwen. *See Lawrence v. Wells Fargo Bank, N.A.*, No. C 14- 1272 PJH, 2014 WL 2705425, at *6 (N.D. Cal. June 13, 2014) (holding that the plaintiff-mortgagor failed to state a claim based on a National Mortgage Settlement consent judgment because the plaintiff was merely an incidental beneficiary of the consent judgment and thus lacked standing to enforce it); *Lombardi v. Bank of Am.*, No. 3:13-cv-1464-O, 2014 WL 988541, at *15 (N.D. Tex. Mar. 13, 2014) (holding that the plaintiff failed to state a claim based on a consent judgment between the United States and the defendant because, among other reasons, the plaintiff was not a party to the consent judgment and the consent judgment provided that only the "Monitoring Committee" or a party to the consent judgment could bring an action to enforce it).

*Id.* at pp. ID## 19-20. This matter is now before the Court on Ocwen's motion to dismiss.

### II.     Legal standard

Ocwen seeks to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

>[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Finally, it is well established that *pro se* complaints, like the one filed in this action, are held to "less stringent standards than formal pleadings drafted by lawyers." *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979).

### III.    Discussion

In its motion, Ocwen points out that plaintiff does not contest that he failed to fulfill his obligations under the mortgage, and does not offer any theory with respect to: why foreclosure is improper; why the foreclosure should be delayed; or how he has been damaged. Ocwen Motion at p. ID# 240. As the Court previously observed, Giese's complaint is based upon the theory that Ocwen engaged in actions prohibited by the consent judgment in *Consumer Financial Protection Bureau* by: "providing conflicting accounts of matters;" wanting Giese to payoff the mortgage; and not contacting his co-borrower ex-wife regarding the outstanding loan. While Giese alleges that his loan is "underwater," he sets forth no facts to show that Ocwen is responsible or culpable for his decision to obtain the original $166,500.00 loan back in 2005. *See* Mortgage (docket no. 11-2 at pp.

ID## 245-61). In summary, other than plaintiff's claim arising from the *Consumer Financial Protection Bureau*, his complaint contains only "an unadorned, the - defendant - unlawfully - harmed - me accusation" against Ocwen which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Finally, as the Court previously concluded, Giese cannot state a cause of action against Ocwen based upon the consent judgment in *Consumer Financial Protection Bureau* because he was not a party to that judgment. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it"); Order denying plaintiff's motion for TRO (docket no. 6); *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 760-62 (E.D. Va. 2013) (borrower was third-party incidental beneficiary of a mortgage-related consent judgment entered into with state and federal governments who had no right to bring a third-party suit to enforce the consent judgment against a lender named in the judgment); *Lawrence*, 2014 WL 2705425 at *6; and *Lombardi*, 2014 WL 988541 at *15. Accordingly, Ocwen's motion to dismiss should be granted.

## IV.    RECOMMENDATION

For these reasons, I recommend that defendant Ocwen's motion to dismiss (docket no. 11) be **GRANTED** and that this action be **DISMISSED**.


Dated:  February 6, 2015                         /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).